United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JING LIU, "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00890 |
| MIGUEL VERGARA, *et al.*, *in their official capacities*, "Respondents." | § | |

## ORDER

Before the Court is Petitioner's "Verified Emergency Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition") and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 5) ("MSJ").

Under 8 U.S.C. § 1226(e), district courts lack jurisdiction to review discretionary decisions made by an Immigration Judge ("IJ") regarding bond. 8 U.S.C. § 1226(e); *see also* 8 U.S.C. § 1252(a)(5). The Fifth Circuit has construed the scope of § 1226(e) broadly to include the "manner in which that discretionary judgment is exercised, and whether the procedural apparatus satisfies regulatory, statutory, and constitutional constraints." *Loa-Herrera v. Trominski*, 231 F.3d 984, 991 (5th Cir. 2000). Petitioner has been afforded multiple bond hearings over the course of his detention. Dkt. No. 5 at 2-3. At each, the IJ denied bond. *Id.* 2-3. Because the Court understands the IJ's decisions to fall within the unreviewable ambit of discretion, it is without jurisdiction to review Petitioner's claims challenging them. To the extent that Petitioner challenges the constitutionality of detention without bond during removal proceedings, the Court finds that claim without merit under *Demore v. Kim*, 538 U.S. 510, 526 (2003).

For these reasons, Respondents' MSJ (Dkt. No. 5) is **GRANTED** and the Petition (Dkt. No. 1) is **DENIED**.

Signed on this 10th day of November 2026.

Rolando Olvera
United States District Judge